[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In 1989 the petitioner Lueke Cooper was found guilty of sexual assault in the first degree and attempted sexual assault in the first degree after a jury trial. He is currently serving a sentence of twenty-five years for the convictions. Cooper brings this petition for a new trial under General Statutes CT Page 9696 § 52-270, claiming that there is newly discovered evidence which warrants a new trial.
The petitioner contends that after he began serving his sentence, he received a letter from the victim of the sexual assault for which he was convicted. He alleges that the victim, Bonita Perry, admitted in the letter that she had not told the truth in her testimony at trial. At the hearing on Cooper's petition for new trial, Ms. Perry's letter was admitted into evidence. In addition, Ms. Perry testified about the context in which the letter was sent and the meaning of the sentence on which the petitioner relies. Her very credible testimony demonstrated clearly that Cooper is misconstruing the letter in an attempt to obtain a new trial.
Cooper and Perry agree that after he began serving his sentence, he placed several phone calls to Perry, the mother of Cooper's two children. Perry testified that in those phone calls Cooper tried to convince her to change the testimony which she gave at trial about her sexual assault by Cooper, but she resisted. He also complained about the failure of his children, pre-teenagers, to write to him at prison. Cooper admitted that he was very angry during one of the calls and he threatened Perry. After that phone call, Perry sent Cooper an eleven page handwritten letter. Cooper admitted that Perry, a very religious person, wrote the letter in an effort to have him "turn to God". Perry testified that she wrote the letter to encourage Cooper to accept responsibility for what he had done instead of blaming her or the children, who had also testified against him at the trial.
The portion of the April 9, 1991 letter in question reads as follows:
 Luke, I have researched, prayed and observed each person involved in this life's triangle and it appears you feel someone owe you something, not so. Just take this time, and evaluate yourself, not me, not your children, not your mother but yourself. Are you being fair to yourself by continually insulting, blaming and plotting about the past experiences. Wondering how can I retaliate, get even with your children (for not writing) or CT Page 9697 with me (for not telling the whole truth.)
The petitioner contends that the final words in the sentence, "for not telling the whole truth," constitute an admission by Perry that she did not testify truthfully at Cooper's trial. There is no credible evidence to support that contention.
Perry, a strong, religious woman, testified unwaveringly before this court that the words in question refer to Cooper's
opinion that she had not told the whole truth at trial. She testified that in using those words, she was not admitting that she had not testified truthfully at trial, but was referring to Cooper's belief that she had not told the whole truth at trial. Moreover, Perry testified firmly before this court that she testified truthfully at Cooper's trial and if she were to testify again, her testimony would be just the same. The court found all of her testimony very credible.
Our Appellate Court very recently reviewed the standard for analyzing a petition for a new trial based on a recantation.Johnson v. State, 36 Conn. App. 59 (1994). Three factors must be found. First, the court must be "reasonably well satisfied" that the trial testimony of the material witness is false; secondly, the court must find that without the false testimony the jury might have reached a different result; and thirdly, the petitioner must have been taken by surprise when the false testimony was given. Id. 65.
The evidence presented to this court fails to satisfy the very first of the elements set forth above. This court is not satisfied that Bonita Perry's testimony at Cooper's trial was false. In fact, this court finds that her testimony at that trial was truthful and that the letter of April 9, 1991 was not a recantation of her trial testimony. (The court also notes that the Appellate Court does not consider disputed testimony about a recantation, such as we have here, as constituting a recantation. Id. 64, n. 7.)
The petitioner has failed to establish the necessary basis for a new trial. Accordingly, his petition for new trial is denied.
Christine S. Vertefeuille, J. CT Page 9698